UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

BURTON SIMMS,

    Plaintiff,

v.

M & L INSURANCE AGENCY, INC.,
a Florida corporation,

    Defendant.

_____/

**COMPLAINT**

Plaintiff, BURTON SIMMS (hereinafter, "Plaintiff"), by and through his undersigned attorney hereby files his Complaint and sues Defendant, M & L INSURANCE AGENCY, INC, (hereinafter "Defendant") as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages for violation(s) of the Americans With Disabilities Act (ADA), The Americans with Disabilities Act Amendments Act (ADAAA) 42 U.S.C. §12101 et seq., Title VII of the Civil Rights Act of 1964 (Title VII), the Florida Civil Rights Act, §§760.01-760.11et seq., Florida Statutes (2014) (FCRA), and Florida common law.

2. This Court has jurisdiction over this Matter pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

3. Plaintiff is and was, at all relevant times, a resident of Broward County, Florida, over the age of 18.

1

4. Defendant is a corporation operating in Florida with its principal place of business in Coral Springs, Broward County, Florida.

5. Plaintiff was at all times relevant a full-time employee of Defendant in Broward County, Florida

6. At all relevant times, Defendant was Plaintiff's employer and employed no less than 15 or more employees for each of 20 or more work weeks in the current or preceding year.

7. Defendant is accordingly an employer as defined by the ADA, the ADAAA, Title VII and the FCRA. (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

8. Plaintiff alleges causes of action for violations of the ADA, the ADAAA, Title VII and the FCRA, as a result of the adverse treatment to which Defendant subjected Plaintiff, Defendant's dismissal of Plaintiff from employment, and/or Defendant's failure/refusal to reasonably accommodate Plaintiff.

9. The violations complained of herein occurred in Broward County, Florida, and as such venue is proper in this Court.

10. Plaintiff has exhausted his administrative remedies by filing a timely charge of discrimination against the Defendant with the Equal Employment Opportunity Commission (EEOC) which was dually filed with the Florida Commission on Human Relations (FCHR).

11. Plaintiff's charge was filed within 300 days after the unlawful employment practice occurred, on or about January 22, 2014, claiming discrimination based on disability, sex, religion, age and retaliation.

12. The earliest presently known discriminatory action occurred in or about January 2013, 2014. The last instance of discrimination presently known occurred in or about December 2013.

13. Plaintiff was issued a Notice of Right to Sue on May 15, 2015 which was received on or May 18, 2015. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as Exhibit "A.")

14. No other applicable conditions precedent to this lawsuit exist

15. Plaintiff accordingly exhausted all his administrative remedies prior to initiating the instant suit.

## GENERAL ALLEGATIONS

16. Defendant is an insurance brokerage company.

17. Plaintiff was continuously employed by Defendants from November 2003 through November 30, 2013. Plaintiff was an insurance agent for the Defendant. At all times, Plaintiff was employed in a full-time capacity and was issued a W-2 by Defendants for each year for which he was employed.

18. As an insurance agent, Plaintiff was responsible for selling insurance policies to new customers and renewing policies for existing customers.

19. M & L Insurance was for many years owned by Maureen Simms with Larry Simms acting as a consultant to the company, Plaintiff's brother and sister-in-law. In December 2012, the company was sold to Amanda Castorino, Kelly Vaandering and David Vaandering. Amanda and Kelly are daughters of both Maureen and Larry. David is Kelly's husband. Plaintiff is the Uncle to Amanda and Kelly.

20. As part of the sale of the business, the new owners signed a contract whereby Plaintiff, a key employee, was to remain a part of the business for the foreseeable future unless certain terms for termination took place. The contract is attached hereto as Exhibit "B."

21. Following the sale of the company, it became apparent that the younger generation of the family, the new owners of the Defendant, resented having been forced to retain Plaintiff and began a pattern of mistreatment, including harassment predicated upon age, sex, and religion. While the Plaintiff is Jewish, the Vaanderings are not.

22. The Defendant began enacting "rules" designed solely to harass and impede Plaintiff in the performance of his job responsibilities, held meetings deliberately excluding only Plaintiff, and transferring his longstanding clients to other agents, especially David Vaandering.

23. As a result of these substantial elements of harassment, Plaintiff experienced severe symptoms of anxiety which grew progressively worse throughout 2013 ultimately leading to a severe panic attack in November 2013 which led to Plaintiff's admission into out-patient group therapy together with diagnoses of severe anxiety and depression.

24. Plaintiff's last day where he actually performed work in the office of Defendant was November 5, 2013 after which he was admitted into the out-patient group therapy.

25. Plaintiff provided Defendant with successive DR.'s notes dated November 5 and 11, 2013, respectively, providing for his continued absence from work. (Exhibits "C" and "D" attached).

26. Plaintiff also sought accommodation in the form of reporting to someone other than David Vaandering and/or having his day to day dealings with David Vaandering substantially limited. All such requests were ignored by Defendant.

27. The constant harassment from David Vaandering significantly compromised Plaintiff's ability to perform his job at the highest levels due to the stress and anxiety Plaintiff suffered from as a result of David Vaandering's conduct.

28. Notwithstanding Defendant's knowledge that Plaintiff's work-induced psychological issues, Defendant terminated Plaintiff effective November 30, 2013.

29. The stated reason for Plaintiff's termination was his failure to notify the Defendant of his absence; though Defendant did have knowledge of Plaintiff's ongoing anxiety and depression issues which lead to absences on occasion, depending on the severity of the symptoms of his disability.

30. Defendant and or its counsel was on notice of Plaintiff's disability claims prior to November 2013.

31. Defendant also canceled Plaintiff's insurance while he was receiving treatment effective November 30, 2013; notwithstanding that advanced premiums had been paid for December and without providing proper COBRA notification.

32. Defendant's alleged reason(s) for Plaintiff's termination are pretextual as Plaintiff was in fact terminated from employment with Defendant as a result of his condition(s) within weeks of his severe anxiety/panic attack and continued requests for an accommodation.

## COUNT ONE:
## DISABILITY DISCRIMINATION UNDER THE ADA AND ADAAA

33. Plaintiff reasserts his allegations in paragraphs 1–32, above, as if fully re-written herein.

34. The ADA and the ADAAA prohibit employers from taking adverse employment action against an employee as a result of his actual disability, as a result of an employee's record of having such disability, and/or because the employer regards the employee as disabled,

5

and further requires employers to reasonably accommodate the actual disabilities and/or records of such disabilities of their employees.

35. The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to, the consistent harassment of Plaintiff and his ultimate termination, all as set forth above, was the direct and proximate result of Plaintiff's actual disability/disabilities, which substantially limited him in one or more major life activity and/or Plaintiff's record of having such disability/disabilities (see ¶¶ 22-27, *supra*).

36. Defendant's alleged bases for its adverse and disparate treatment of Plaintiff, including, but not limited to, Plaintiff's termination, are pretextual and asserted only to cover up the discriminatory nature of its conduct.

37. Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of Plaintiff, including, but not limited to, Plaintiff's termination, which reasons it did not/does not have, Plaintiff's actual disability/disabilities and/or Plaintiff's record of having such a disability/disabilities were also motivating factors for Defendant's adverse and disparate treatment of Plaintiff.

38. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

39. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton, and malicious conduct.

40. Plaintiff further seeks his attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff BURTON SIMMS requests judgment against Defendant as follows:

a) an award of economic damages including lost wages, back pay, interest, front pay, and the value and/or economic impact of lost benefits;

b) compensatory damages;

c) punitive damages;

d) attorney's fees and costs; and

e) any other award this Court deems necessary.

## COUNT TWO: FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA AND ADAAA

41. Plaintiff incorporates herein the allegations contained in paragraphs 1–32, inclusive, as though same were fully re-written, and says:

42. Plaintiff is disabled as he suffers from anxiety disorder, depression, and panic attacks, both of which are impairments which substantially limits one or more major life activities; to wit: concentrating, thinking, and working (see ¶ ¶ 22-27, *supra*).

43. Plaintiff is, and at all times was, qualified to perform the essential functions of his job as an insurance agent with or without a proposed reasonable accommodation. Plaintiff is therefore a "qualified individual" as that term is defined in the Americans With Disabilities Act, as amended ("ADAAA") § 101(8) (42 U.S.C. § 12111(8)).

44. Defendant failed to provide Plaintiff with a reasonable accommodation as that term is defined in the ADAAA, § 101(9). Plaintiff requested that he have limited contact with David Vaandering and for constant belittlement to cease. This request was reasonable and would not have caused Defendant undue hardship.

7

45. As a result of Defendant's actions, Plaintiff has suffered damages in an amount to be proven at the time of the trial of this cause.

46. Plaintiff is informed, believes and alleges that pursuant to ADAAA § 107(a) (42 U.S.C. § 12117(a)), Plaintiff is entitled to reinstatement, back pay, lost benefits and costs and a reasonable amount for his attorney's fees for the prosecution of this action and all other damages allowable by law.

WHEREFORE, Plaintiff BURTON SIMMS requests judgment against Defendant as follows:

a) For reinstatement to his former or equivalent position with back pay;

b) For the recovery of damages in an amount to be determined at the trial of this cause as a result of Defendant's discrimination against the Plaintiff on the grounds of disability in violation of the ADAAA (42 U.S.C. §§ 12101, et seq.);

c) For his costs and attorney's fees as provided by statute; and for such other and further relief as the Court deems proper.

## COUNT THREE:
## VIOLATION OF THE CIVIL RIGHTS ACT
## (RETALIATION)

47. Plaintiff incorporates herein the allegations contained in paragraphs 1–32, inclusive, as though same were fully re-written, and says:

48. Plaintiff objected to the harassing and discriminatory comments made by David Vaandering about his age, religion, anxiety/depression and sexual orientation.

49. As a direct result of Plaintiff's objection to the actions Plaintiff perceived to be discriminatory in nature, Plaintiff was discharged by Defendant.

50. Plaintiff's termination constitutes an adverse employment actions under Title VII of the Civil Rights Act of 1964.

51. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of David Vaandering and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

52. Defendant's stated reason(s) for terminating Plaintiff is pretextual.

WHEREFORE, Plaintiff BURTON SIMMS requests that:

a) The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

b) The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

c) The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT FOUR – VIOLATION OF THE CIVIL RIGHTS ACT (ADA/HOSTILE WORK ENVIRONMENT)

53. Plaintiff incorporates herein the allegations contained in paragraphs 1–32, inclusive, as though same were fully re-written, and says:

54. Plaintiff brings this action under Title VII of the Civil Rights Act (42 U.S.C. § 2000e–2) for the unlawful employment practices of the Defendant for allowing and ratifying the harassment Plaintiff was subjected to by David Vaandering.

55. Plaintiff is a member of a protected class, to wit, he suffers from severe anxiety, depression, and depression and is disabled as defined in the ADA.

56. David Vandering repeatedly made belittling and harassing comments toward Plaintiff during the course of his employment in the ten months following the sale of Defendant corporation. These harassing comments were made towards Plaintiff because of his anxiety/depression as Vaandering did not subject other employees to these practices (upon information and belief).

57. Vaandering's conduct towards Plaintiff was constant and pervasive.

58. Despite complaints, Vaandering's behavior was not addressed or corrected by Defendant.

59. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

60. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of David Vaandering and its other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff BURTON SIMMS requests that:

a) The Court grant Plaintiff judgment award Plaintiff judgment against Defendants to compensate him for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

b) The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

c) The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT FIVE:
## HANDICAP/DISABILTY DISCRIMINATION UNDER THE FCRA

61. Plaintiff reasserts his allegations in paragraphs 1–32, above, as if fully re-written herein.

62. Section 760.10 of the FCRA states in relevant part:

   "(1) it is unlawful employment practice for an employer:
   (a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status."

63. The FCRA accordingly prohibits employers from taking adverse employment action against an employee as a result of his actual handicap/disability, as a result of an employee's record of having such handicap/disability, and/or because the employer regards the employee as handicapped/disabled, and further requires employers to reasonably accommodate the actual handicaps/disabilities and/or records of such handicaps/disabilities of their employees.

64. The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to, the consistent harassment of Plaintiff and his ultimate

11

termination, and Defendant's failure to accommodate, all as set forth above, was the direct and proximate result of Plaintiff's actual handicap(s)/disability/disabilities, which substantially limited him in one or more major life activities and/or Plaintiff's record of having such handicap(s)/disability/disabilities (see ¶¶ 22-27, *supra*).

65. Defendant, moreover, failed/refused to reasonably accommodate Plaintiff's actual handicap(s)/disability/disabilities and/or Plaintiff's record of having such a handicap(s)/disability/disabilities as required by law, leading to Plaintiff's termination, despite being presented with a reasonable accommodation by Plaintiff which would not have imposed an undue hardship on Defendant and which would have enabled Plaintiff to perform the essential functions of her position.

66. Defendant's alleged bases for its adverse and disparate treatment of Plaintiff, including, but not limited to, Plaintiff's termination, and/or its failure/refusal to reasonably accommodate Plaintiff are pretextual and asserted only to cover up the discriminatory nature of its conduct.

67. Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of Plaintiff, including, but not limited to, Plaintiff's probation and termination, and/or its failure/refusal to reasonably accommodate Plaintiff, which reasons it did not/does not have, Plaintiff's actual handicap(s)/disability/disabilities and/or Plaintiff's record of having such a handicap/disability/disabilities were also motivating factors for Defendant's adverse and disparate treatment of Plaintiff, and/or Defendant's failure/refusal to reasonably accommodate Plaintiff.

68. As a result of the discriminatory conduct to which Plaintiff was subjected and Defendant's failure/refusal to accommodate Plaintiff, Plaintiff has experienced, and will

continue to experience, significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

69. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton, and malicious conduct.

70. Plaintiff further seeks his attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff BURTON SIMMS requests judgment against Defendant as follows:

a) an award of economic damages including lost wages, back pay, interest, front pay, and the value and/or economic impact of lost benefits;

b) compensatory damages;

c) punitive damages;

d) attorney's fees and costs; and

e) any other award this Court deems necessary.

## COUNT SIX:
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (RETALIATION)

71. Plaintiff incorporates herein the allegations contained in paragraphs 1–32, inclusive, as though same were fully re-written, and says:

72. Plaintiff objected to the harassing and discriminatory comments made by David Vaandering about his age, religion, anxiety/depression and sexual orientation.

73. As a direct result of Plaintiff's objection to the actions Plaintiff perceived to be discriminatory in nature, Plaintiff was discharged by Defendant.

74. Plaintiff's termination constitutes an adverse employment actions under the FCRA.

75. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under the FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of David Vaandering and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

76. Defendant's stated reason(s) for terminating Plaintiff is pretextual.

WHEREFORE, Plaintiff BURTON SIMMS requests that:

a) The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the FCRA;

b) The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

c) The Court award Plaintiff such other and further relief as the Court deems appropriate.

## **COUNT SEVEN– BREACH OF CONTRACT**

77. Plaintiff incorporates herein the allegations contained in Paragraphs 1–32, inclusive, as though same were fully re-written, and says:

78. On or about December 27, 2012, Plaintiff and Defendant entered into a contract a copy of which is appended hereto, marked Exhibit "B" and made a part hereof.

79. Pursuant to the terms of Exhibit "B", Plaintiff was employed by Defendant as an insurance agent.

80. Immediately following the execution of Exhibit "B" Defendant, by and through its officers and directors, began a course of conduct intended to harass, embarrass and humiliate Plaintiff while engaged in his employment. The sole purpose of Defendant in engaging in the unwarranted conduct toward Plaintiff was to attempt to compel Plaintiff to resign his employment, a right he was given in Exhibit "B."

81. Defendant has repudiated Exhibit "B" by implication, by making it impossible for Plaintiff to perform the agreement.

82. Notwithstanding Defendant's repudiation of the contract between the parties, Plaintiff had at all times performed the contract according to the terms thereof and was ready, able and willing to perform the contract as specified therein.

83. Every contract for employment contains an implied obligation of good faith and fair dealing upon each party to the contract that neither party will engage in conduct for the purpose of denying to the other the benefits of the contract. Defendant has breached that obligation thereby breaching the contract between the parties.

84. Defendant's failure and refusal to perform its obligations under the contract has, and will in the future, cause Plaintiff extreme financial damage including, but not limited to, loss of income.

WHEREFORE, Plaintiff demands judgment against Defendant for:

    a)      Compensatory damages for loss of present and future earnings in an amount to be proven at the time of the trial of this action;

    b)      The costs of this action; and

    c)      Such other and further relief as the Court deems proper.

## COUNT EIGHT – FRAUD IN THE INDUCEMENT

85. Plaintiff re-alleges and re-avers Paragraphs 1–32 herein as though the same were fully rewritten and says:

86. Prior to signing an employment agreement with the new owners of Defendant, Plaintiff was advised of Defendant's written pay and commission structure as set forth by Defendant's representatives verbally as well as in the actual contract.

87. The Plaintiff was also advised that the parameters for his position would remain consistent for the job he had held for 10 years.

88. These representations were made primarily by David Vaandering on behalf of the new owners.

89. Plaintiff reasonably relied on the statements of David Vaandering and signed the employment contract.

90. The representations made by Defendant to induce Plaintiff to enter the written agreement were false.

91. Defendant's representative, David Vaandering, knew at the time he made the representations that those representations were false and that Defendant would not perform as represented to Plaintiff.

92. Plaintiff would not have agreed to the terms of the employment contract with Defendant had he known Defendant's representations were false.

93. As a direct result of Plaintiff's detrimental reliance on the stated terms of compensation, Plaintiff has been damaged. Specifically, Plaintiff endured significant hardship as Defendant consistently changed the terms of his employment rendering the contract effectively meaningless.

WHEREFORE, BURTON SIMMS demands judgment for:

a) Actual damages in excess of $15,000;

b) Attorney's fees pursuant to contract or statute including, but not limited to, Florida Statutes § 448.08;

c) Costs associated with this action;

d) Interest;

e) Any other such damages this Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff, BURTON SIMMS, hereby demands trial by jury on all counts so triable contained herein.

Dated: July 29, 2015.

**LAW OFFICES OF CHARLES EISS, P.L.**
Attorneys for Plaintiff
7951 SW 6th Street, Suite 308
Plantation, Florida 33324
(954) 990-6923 (Telephone)
(855) 423-5298 (Facsimile)

By:   **/s/ Charles Eiss**
CHARLES M. EISS, Esq.
Fla. Bar #612073
ceiss@icelawfirm.com
LINDSAY M. MASSILLON, Esq.
Fla. Bar #92098
lmassillon@icelawfirm.com